# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| STACY BASS,<br><br>        Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. CR10-3015-MWB<br><br>**ORDER REGARDING PETITIONER'S *PRO SE* MOTION UNDER 18 U.S.C. § 3582 SEEKING SENTENCE REDUCTION FOR MITIGATING ROLE** |

_____

This case is before me on petitioner Stacy Bass's *pro se* Motion under 18 U.S.C. § 3582 Seeking Sentence Reduction for Mitigating Role Adjustment Pursuant to § 3B1.2 Amendment 794 (docket no. 144).[1]

Bass seeks a sentence reduction for a mitigating role adjustment pursuant to § 3B1.2 of the United States Sentencing Guidelines. Her argument is centered on the Sentencing Commission's recent amendment, Amendment 794, to the commentary of § 3B1.2, which became effective on November 1, 2015, over four years after Bass was sentenced. *See* SENTENCING GUIDELINES FOR UNITED STATES COURTS, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015) (stating that on April 30, 2015, the Sentencing Commission proposed amendments

---

[1]Bass pleaded guilty to conspiring to distribute 500 grams of a mixture containing at least 50 grams of pure methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (10 year minimum prison term), and 846; and distributing, and aiding and abetting others in the distribution of, approximately 27.77 grams of a mixture containing 11.66 grams of pure methamphetamine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. I sentenced Bass to concurrent terms of 120 months in prison, the mandatory minimum sentence.

to § 3B1.2 to become effective November 1, 2015). Bass asserts that Amendment 794 is retroactive because it announced a new substantive rule of law.

Section 3B1.2 instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. *See* U.S.S.G. § 3B1.2. The commentary to § 3B1.2 provides that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant." *See id.* § 3B1.2 cmt. n. 3(A).

The text of § 3B1.2, in effect at the time of Bass's sentencing, was unchanged by Amendment 794. Instead, Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment.[2] Amendment 794 was not given retroactive effect for purposes of a § 3582 motion, as Amendment 794 is not listed among the covered amendments in U.S.S.G. § 1B1.10(d) under the policy statement authorizing the court to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, I lack the authority to apply Amendment 794 retroactively to grant Bass relief pursuant to § 3582(c)(2). *See* U.S.S.G. § 1B1.10, cmt. n.1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if [n]one of the amendments listed in subsection (d) is applicable to the defendant"). Therefore, Bass's motion is denied.

---

[2] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." *See* U.S.S.G. app. C, amend. 794, at 116–18 (Supp. Nov. 1, 2015).

**IT IS SO ORDERED**.

**DATED** this 9th day of February, 2017.

                                                    _____
                                                  MARK W. BENNETT
                                                  U.S. DISTRICT COURT JUDGE
                                                  NORTHERN DISTRICT OF IOWA